UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO: 19-00443-NPO |
| | : | CHAPTER: 13 |
| VANESSA GREGORY, | : | |
|     Debtor. | : | |
| VANESSA GREGORY, | : | |
|     Movant, | : | CONTESTED MATTER |
| vs. | : | |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF NRZ PASS-THROUGH TRUST EBO I FOR THE BENEFIT OF THE HOLDERS OF THE SERIES 2017-1 CERTIFICATES, | : | |
|     Respondent. | : | |

**RESPONSE TO AMENDED MOTION FOR EXTENSION OF AUTOMATIC STAY**

COMES NOW The Bank of New York Mellon Trust Company, N.A., not in its individual capacity, but solely as Trustee of NRZ Pass-Through Trust EBO I for the benefit of the Holders of the Series 2017-1 Certificates, for itself, its successors and/or assigns ("Respondent"), and shows this Honorable Court that, for the reasons set out below, the Court should deny the Debtor's Amended Motion for Extension of Automatic Stay ("Motion"):

1.

Respondent is a secured creditor of Debtor pursuant to a Note and Deed of Trust. The mortgage is evidenced by a Promissory Note executed by Vanessa Gregory, dated December 5, 2003, in the original principal amount of $145,804.00. The mortgage Promissory Note is secured by a Deed of Trust executed by Vanessa Gregory, dated December 5, 2003, which conveys certain property located in

Hinds County, Mississippi, now or formerly known as 5811 Kings Place, Jackson, MS 39211 (the "Property"). Said Deed of Trust is recorded in Deed Book 5941, Page 376, Hinds County, Mississippi Records.

2.

During the one-year period preceding the filing of this case, two or more cases of the Debtor were pending but were dismissed, to wit:

- Vanessa Gregory filed **Case No. 18-02411**, a Chapter 13 bankruptcy on June 20, 2018. The case was subsequently dismissed on July 20, 2018 [Doc. No. 10] for the debtor's failure to file the required schedules and statements.

- Vanessa Gregory filed **Case No. 18-03437**, a Chapter 13 bankruptcy on September 6, 2018. The case was subsequently dismissed on November 15, 2018 [Doc. No. 34] for the debtor's failure to attend the required 341 Meeting of Creditors.

3.

Respondent shows the Court that while the instant case was filed before the foreclosure sale was conducted, the instant case did not trigger the automatic stay Pursuant to 11 U.S.C. §362 as this was the Debtor's third active case within one year after two prior cases had been dismissed within one year of the filing of the instant case. Pursuant to 11 U.S.C. §362(c)(4)(A)(i), the automatic stay is not triggered upon filing of a case under this title if "2 or more single or joint cases of the debtor were pending within the previous year but were dismissed…."

4.

On February 6, 2019 Debtor filed an Amended Motion to Extend Stay [Doc. No. 12]. Debtor seeks to extend the automatic stay merely by asserting the case was filed in good faith. As previously stated the automatic stay, however, was not triggered by the filing the instant case and thus there is no stay to extend.

5.

According to 11 U.S.C. § 362(c)(4)(D), Debtor's case is presumptively filed not in good faith for the following reasons:

1. Debtor filed 2 or more previous cases within the 1-year period;
2. Neither of Debtor's previous cases were successful and were both dismissed for the Debtor's failure to complete the basic requirements of a chapter 13 bankruptcy.
3. No facts have been provided to suggest that any substantial change in Debtor's personal or financial affairs occurred during the time period of the dismissal of the previous case and the filing of the instant case.
4. The instant case, as well as, the previous two cases were filed to stop foreclosure sales.

6.

Furthermore, even if the proper Motion to Impose Stay had been filed, no Order imposing the stay was entered prior to the foreclosure sale as required by 11 U.S.C. §362(c)(4)(C).

WHEREFORE, Respondent, for itself, its successors and/or assigns, prays that this Court inquire as to the matters raised herein and deny the Debtor's Amended Motion for Extension of Automatic Stay and enter such orders and require such further inquiry as may appear appropriate to the Court.

/s/ Natalie Brown
Natalie Brown
MS State Bar No. 100802
Rubin Lublin, LLC
428 North Lamar Blvd, Suite 107
Oxford, MS 38655
(877) 813-0992
nbrown@rubinlublin.com
Attorney for Respondent

## CERTIFICATE OF SERVICE

      I, Natalie Brown of Rubin Lublin, LLC certify that on the 25th day of February, 2019, I caused a copy of the Response to Amended Motion for Extension of Automatic Stay to be filed in this proceeding by electronic means and to be served by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to the said parties as follows:

Vanessa Gregory
5811 King`s Pl
Jackson, MS 39209

Marquis D Rose, Esq.
Post Office Box 16344
460 Briarwood Drive
Ste 400
Jackson, MS 39236

James L. Henley, Jr.
P.O. Box 31980
Jackson, MS 39286

United States Trustee
501 East Court Street
Suite 6-430
Jackson, MS 39201


Executed on 2/25/19

By:/s/ Natalie Brown
Natalie Brown
MS State Bar No. 100802
Rubin Lublin, LLC
428 North Lamar Blvd, Suite 107
Oxford, MS 38655
(877) 813-0992
nbrown@rubinlublin.com
Attorney for Respondent