_____

SO ORDERED,

**Judge Neil P. Olack**
United States Bankruptcy Judge
Date Signed: May 1, 2019

The Order of the Court is set forth below. The docket reflects the date entered.
_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

| | |
|---|---|
| IN RE: | : CASE NO: 19-00443-NPO |
| | : CHAPTER: 13 |
| | : |
| **VANESSA GREGORY,** | : |
| | : |
| **Debtor.** | : |

## ORDER

This matter is before the Court on the Debtor's Motion for Sanctions for Violation of Automatic Stay ("Motion for Sanctions") [Doc. 48] and the Debtor's Motion for Reconsideration of Order Granting Motion to Validate Foreclosure Sale ("Motion for Reconsideration") [Doc. 44]. Both motions came before the Court for a hearing on April 29, 2019. For the reasons set forth herein, both motions are **DENIED**.

## FACTS

1.  On February 5, 2019, the Debtor filed a voluntary petition under Chapter 13. [Doc. 1].

2.  In the previous year before filing of the instant petition, the Debtor had two other

1

cases dismissed:

    a. Case No. 18-03437, dismissed November 15, 2018; and

    b. Case No. 18-02411, dismissed June 20, 2018.

3. On February 6, 2019, The Bank of New York Mellon Trust Company, N.A., not in its individual capacity, but solely as Trustee of NRZ Pass-Through Trust EBO I for the benefit of the Holders of the Series 2017-1 Certificates ("BNY Mellon") conducted a foreclosure sale of the Debtor's property, located at 5811 King's Place, Jackson, MS 39211 (the "Property"). *See* [Doc. 30].

4. On February 6, 2019, the Debtor filed a Motion for Extension of Automatic Stay ("Motion for Extension"), stating that the Debtor had only one previous case dismissed. [Doc. 10]. BNY Mellon filed a response on February 25, 2019, noting the two previous cases. [Doc. 31].

5. On February 25, 2019, BNY Mellon filed a Motion to Validate Foreclosure Sale ("Motion to Validate"), asking this Court to confirm that there was no automatic stay in place at the time of the foreclosure sale on February 6, 2019. [Doc. 30].

6. The Motion for Extension and Motion to Validate were both granted by orders entered on March 22, 2019. [Docs. 41, 42].

7. On March 24, 2019, the Debtor filed the Motion for Reconsideration, asserting that the sale should not have been validated because the Motion for Extension was granted. [Doc. 44].

8. On March 25, 2019, the Debtor filed the Motion for Sanctions, in which she seeks sanctions for violation of the automatic stay based on an allegation that she was contacted by BNY Mellon's agent on March 21, 2019, requesting surrender of the Property. [Doc. 48].

## CONCLUSIONS OF LAW

The automatic stay provided for by 11 U.S.C. § 362 does not go into effect upon the filing of a petition if the debtor has had two previous bankruptcy cases dismissed within the previous year. *See* 11 U.S.C. § 362(c)(4)(A)(i). Thus, upon the filing of the instant case, there was no automatic stay in place. But, upon a motion, hearing, and demonstration that the filing of the case is in good faith, the court may enter an order imposing the stay as to any or all creditors. 11 U.S.C. § 362(c)(4)(B). "Such relief, however, is only effective starting on the day in which the order from the court is entered." *In re Acosta*, 540 B.R. 308, 314 (Bankr. S.D. Tex. 2015); *See In re Toro-Arcila*, 334 B.R. 224, 228 (Bankr. S.D. Tex. 2005) ("a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect."); 11 U.S.C. § 362(c)(4)(C).

Because the Order granting the Motion for Extension was not entered until March 22, 2019, the automatic stay was only effective as of that date. "[T]he automatic stay is not retroactively reinstated with respect to creditor conduct that occurred between the dismissal and the reinstatement." *In re Frank*, 254 B.R. 368, 374 (Bankr. S.D. Tex. 2000). Because the complained of conduct – the foreclosure sale and letter demanding surrender – took place before March 22, 2019, the Court concludes that there was no automatic stay in effect on the relevant dates. Accordingly, the Motion for Reconsideration and Motion for Sanctions are hereby **DENIED**.

###END OF ORDER###

**PREPARED AND SUBMITTED BY:**

*/s/ Amanda M. Beckett*
AMANDA M. BECKETT
MS Bar No. 102738
**RUBIN LUBLIN, LLC**
428 North Lamar Blvd, Suite 107
Oxford, MS 38655
(205) 306-1953 (Telephone)
(404) 921-9016 (Facsimile)
abeckett@rubinlublin.com

*Attorney for The Bank of New York Mellon Trust Company, N.A., not in its individual capacity, but solely as Trustee of NRZ Pass-Through Trust EBO I for the benefit of the Holders of the Series 2017-1 Certificates*

## DISTRIBUTION LIST

Vanessa Gregory
5811 King's Place
Jackson, MS 39209

Marquis D Rose, Esq.
Post Office Box 16344
460 Briarwood Drive Ste 400
Jackson, MS 39236

James L. Henley, Jr., Trustee
P.O. Box 31980
Jackson, MS 39286

United States Trustee
501 E. Court Street, Suite 6-430
Jackson, MS 39201

Amanda M. Beckett
Rubin Lublin, LLC
428 North Lamar Blvd, Suite 107
Oxford, MS 38655